Thomas A. Aurelio, J.
The defendants move for judgment dismissing the separate amended complaints on the ground that plaintiffs and plaintiffs-intervenors have unreasonably neglected to proceed in these actions and because plaintiff Hubner does not have legal capacity to sue. Plaintiffs and plaintiffs-intervenors cross-move for an order restoring the case to the calendar for trial.
On or about September 8, 1950 plaintiff Fontheim, as a holder of shares of the 7% noncumulative preferred stock of defendant Fred F. French Investing Company, Inc., brought suit to compel payment of dividends on that stock for the years 1945 through 1950. Plaintiff Hubner brought suit on or about October 19, 1950 for similar relief as to the years 1939 through 1949. On May 7, 1951 these actions were consolidated and on March 26, 1952 plaintiffs-intervenors intervened. On April 6, 1955 the actions were for a second time marked off the calendar. On April 11, 1955 all parties stipulated that the actions were *622 marked off the calendar ‘ without prejudice to the rights of either party to move for restoration.”
In support of the motion to dismiss, defendants assert that since April, 1955, “ activity in these actions has occurred only when plaintiff Fontheim has changed his lawyer ’ ’, that while there have been some settlement talks, they came to nothing and that the talks were not “ serious, continued and fruitful ”, the latter three elements being argued as necessary to constitute an excuse for failure to prosecute.
While defendants refer to the effect of rule 302 (subd. 2) of the Eules of Civil Practice on this case, they evidently base their motion on the proposition that cases should be dismissed where “ marked off * * * due to plaintiffs’ failure to prosecute.” Defendants agree that a failure to prosecute may in certain circumstances be excused and that a satisfactory explanation for lack of prosecution would require a denial of the motion to dismiss. The premise for the proposition asserted by defendants is that the case has been marked off due to plaintiffs’ failure to prosecute. That is not the case here since it was marked off followed by a stipulation permitting restoration, but in any event the court is satisfied by the explanation offered by the plaintiffs for lack of prosecution.
There appears to have been extensive settlement negotiations until the very recent past. In fact, chronologically the last development was defendants’ motion which in turn followed what seems to have been a breakdown in the settlement negotiations.
Plaintiff Fontheim’s original attorney was Milton Pollack, Esq., who on the consolidation motion was designated general counsel. He was succeeded by Albert W. Fribourg, Esq., in both capacities. Fontheim then changed attorneys several times and is now represented by Edward Garfield, Esq. Mr. Fribourg is still general counsel and has retained Bernard Buchwald, Esq., as the trial counsel. Plaintiffs-intervenors Zauderer appear through Monroe Goldwater.
Plaintiff Milton Kimmelman and attorneys Fribourg, Buchwald, Goldwater and Garfield each present matter on the subject of the settlement talks, the last of these according to Kimmelman having been had “ less than one month ago ” (affidavit of Milton Kimmelman sworn to April 10,1958).
It is not necessary to resolve any issues of fact in this connection. It is enough to say that defendants admit that there were talks but characterize them with a lesser degree of emphasis than do the afore-mentioned persons.
Furthermore, it is clear that the defendants have not regarded the case as abandoned. In June, 1957 Fontheim instituted *623 another action to recover dividends for the years 1951 through 1956 and after joinder of issue moved for summary judgment. That motion was denied (Fontheim v. Fred F. French Investing Co., 10 Misc 2d 587) the court holding (p. 593) that there was a triable issue of fact as to whether a surplus existed in each of the years in suit in the said action. The defendants argued that the amount of surplus available to the payment of dividends for the years involved in the second Fontheim action would be affected if the plaintiffs in the action before this court should prevail with respect to any of the prior years. Plainly defendants at that time regarded this as a live case. Sufficient appears in this regard and on this basis to warrant the denial of the defendants’ motion and the granting of the plaintiffs’ cross motion.
While it does not clearly appear that defendants base their motion on the application of rule 302 (subd. 2) of the Rules of Civil Practice, it is necessary, nevertheless, to consider its effect because plaintiffs evidently have shaped their cross motion on the possible applicability of the rule, presumably because no motion was made to restore the case to the calendar within one year after it was marked off. It is at least questionable whether rule 302 is applicable in view of the manner in which the case was marked off, but in any event plaintiffs would be entitled to relief even if the rule were applicable. The form and content of the cross motion adequately presents the issue so as to permit the vacating of any default sustained by plaintiffs in this regard. Rule 302 is self-executing but the power and discretion exist to relieve against a dismissal thereunder. (Balaka v. Stork Restaurant, 3 A D 2d 857.) The same reasons which influence against the granting of the motion to dismiss for lack of prosecution warrant the vacating of plaintiffs’ default and the restoration of the case to the calendar.
The conceded lack of capacity of plaintiff Hubner does not appear to require a dismissal of the cause of action originally asserted by him alone because the effect of the consolidation order of May 7, 1951 appears to have turned both actions into one action with the same effect as if the Hubner claim had been asserted in the Fontheim pleading. However, this issue may well be reserved for disposition on the trial and this branch of the motion is denied without prejudice to a renewal thereof on the trial.
Defendants’ motion to dismiss is denied. Plaintiffs’ default in failing to move to restore the case to the calendar within one year of April 6,1955 is vacated and the cross motion to restore *624 the case to the calendar is granted. The action is set down for trial in the October 1958 Term, and plaintiffs shall comply with the provisions of the special rule respecting calendar practice of this court no later than September 24, 1958.
Settle order.